**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4226**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

BROOKS THOMAS LACKEY BROWN,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:05-cr-00237-5)

_____

Submitted:  January 23, 2008        Decided:  February 8, 2008

_____

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Patrick B. Ochsenreiter, OCHSENREITER LAW FIRM, Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Brooks Thomas Lackey Brown pled guilty to conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. § 846 (2000), and use of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2000). He now appeals his convictions, contending that there was not full compliance with Fed. R. Crim. P. 11 at his arraignment. We affirm.

Brown was not the only defendant arraigned during a proceeding before a magistrate judge on August 16, 2006. At the opening of the proceeding, there was a discussion about another defendant's motion for a continuance. After the magistrate judge asked to see counsel at the bench, the transcript of the proceeding reveals that the tape recorder was turned off.

The recorder was turned on again after approximately eighteen minutes. By then, the Assistant United States Attorney was summarizing the other defendant's plea agreement. The magistrate judge then inquired whether Brown understood that, by pleading guilty, he waived his right to pursue an appeal or to mount a postconviction challenge to his conviction and sentence. Brown replied that he did. Brown also acknowledged that his signature appeared at the bottom of the plea agreement. He denied that his plea was the result of force, threats, or intimidation, and he agreed that, other than the plea agreement, his plea was not

the result of a promise of leniency or a light sentence. Brown informed the magistrate judge that he was satisfied with his attorney's services and said that he had had sufficient time to consult with his lawyer. The magistrate judge asked whether Brown had any statements to make or questions to ask the court, and Brown replied that he did not. The magistrate judge then found that Brown's guilty plea was knowing and voluntary and accordingly accepted the plea.

At sentencing, Brown informed the district judge that: he had entered a guilty plea before the magistrate judge; he was pleading guilty to conspiracy to possess methamphetamine and possession of a firearm in relation to a drug trafficking crime; he understood the nature of these offenses and the possible penalties he faced; he was satisfied with his attorney's services; his plea was freely and voluntarily entered; and he had committed both offenses. After ascertaining that there was an independent basis in fact to support the plea, the district court adjudged Brown guilty. Brown was sentenced to 240 months in prison.

At arraignment, the court must "inform the defendant of, and determine that the defendant understands" those matters listed at Fed. R. Crim. P. 11(b)(1)(A)-(N). Brown contends that the transcript of his arraignment shows that the district court probed his understanding of only one such matter--the provision in the plea agreement concerning his waiver of appellate rights. <u>See</u> Fed.

R. Crim. P. 11(b)(1)(N). Because there allegedly was not full compliance with the Rule, Brown contends that his guilty plea cannot stand.

We have held that when a portion of a transcript is missing or otherwise unavailable, an appellant must show prejudice flowing from the fact that the portion is missing in order to obtain relief. United States v. Huggins, 191 F.3d 532, 537 (4th Cir. 1999); United States v. Gillis, 773 F.2d 549, 554 (4th Cir. 1985). We conclude that Brown cannot make the requisite showing. First, he signed a thirty-four question "Entry and Acceptance of Guilty Plea," which reflects that on the day he was arraigned, he appeared, was sworn, and answered "the following questions on the record." The thirty-four questions fully encompass the various matters identified in Rule 11(b)(1). Brown's response to each question is indicated on the form, which both he and his attorney signed. The responses disclose that Brown was fully advised in accordance with the Rule.

Based on Brown's answers on the form, we conclude that the magistrate judge conducted a complete and proper inquiry under Rule 11. We note that the portion of the proceeding that was recorded and transcribed is consistent with Brown's answers on the form. Additionally, Brown's representations at sentencing concerning his arraignment demonstrate that his plea was knowingly

- 4 -

and voluntarily entered and tend to show that Brown cannot meet his burden of establishing prejudice.

Because Brown has not demonstrated that his case was prejudiced by the fact that a portion of his arraignment was not recorded and therefore could not be transcribed, we affirm his convictions. We deny the motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED